GEORGE WELLS, impleaded with JOHN RYAN and ISAAC W. SWAN,

*v.*

THE PEOPLE OF THE STATE OF NEW YORK.

ATTACHMENT — *what facts manifest a residence.* Whether a person who moves from New York to Illinois gains a residence in this State, within the meaning of our attachment law, is a question of intention deducible from facts and circumstances.

In 1859 a party, formerly a resident of Medina, New York, came to DeKalb county, Illinois, and purchased a farm which he cultivated and lived on from the spring of 1861 to August 1864, but never moved his wife thereto from Medina.

While thus living on his farm he voted in this State and spoke of Illinois as his residence, and declared his intention to make the farm his permanent home, and said his wife would join him on the decease of her mother, who was then too old to be removed. In May, 1864, his property was attached on the ground that he was not a resident of Illinois.

*Held,* that these facts and circumstances manifest a residence, and, therefore, that the attachment would not lie.

WRIT OF ERROR to the Circuit Court of DeKalb county; the Hon. THEODORE D. MURPHY, Judge, presiding.

The case is sufficiently stated in the opinion of the court.

Mr. R. L. DIVINE, for the plaintiff in error.

Mr. GEORGE C. CAMPBELL, for the defendants in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The only issue tried in this cause in the court below was whether the appellant, Wells, was a non-resident of the State of Illinois, on the 2d of May, 1864. A jury was waived, and the court found that he was a non-resident. A good deal of evidence was taken by the parties, which we have carefully examined, and it shows, substantially, the following state of facts: Wells was formerly a resident of the town of Medina, in the State of New York. In the year 1859, he came to De

Kalb county, in this State, and purchased a farm. From that time until 1861 he was on the farm on different occasions, but did not occupy it. In the spring of 1861, he began to live upon and cultivate it, having a house, and keeping it as his own, with the aid of a female relation to take charge of the domestic affairs. He was a housekeeper, and not a boarder. This state of things continued up to the 2d of May, 1864, when the attachment in this suit was sued out, at which time he was living on the farm, and continued to reside there until August 1864, when he sold his farm and went away. He had no children, but did have a wife, who continued to live and keep house in Medina after his own removal from New York. She was living there in the same manner when the plaintiff's depositions were taken in August, 1865, though it does not appear that Wells has settled there since he sold his farm in De Kalb county, in August, 1864. He has been engaged in no business in Medina since the winter of 1860–'61. He voted there in 1861, but subsequently voted in this State. From the time he began to live upon his farm, in the spring of 1861, to the sale in August, 1864, he steadily occupied and cultivated it, making one visit, and perhaps more, to his wife in Medina, in the winter. During all that period, however, he was not in Medina more than from six weeks to two months. While living on his farm, he spoke of Illinois as his residence, and declared his intention to make the farm his permanent home. He made improvements on the house with that view, and said his wife would join him on the decease of her mother, who was too old to be removed.

Under this state of facts we think it clear that Wells was, on the 2d of May, 1864, a resident of Illinois and not amenable to the process of attachment. The only circumstance in the record pointing to a contrary conclusion is the fact that his wife still continued to live and keep house, as formerly, in the State of New York. But he was living and keeping house here, engaged in steady and permanent business, and manifesting, in all those modes by which such an intent is ordinarily manifested, the design of making this his permanent home.

He was living here in fact, and living here, so far as the record discloses, *animo manendi.* He left no children behind him, and why the fact that his wife kept house in New York should have any greater weight in determining the question of his residence than the fact that he kept house here, we are unable to perceive. The reason of her remaining in New York was given by him to his friends in Illinois, with the further statement that she intended to join him on her mother's death. Whether that was the true reason of their separation or not is immaterial. The fact that he gave this reason shows that he no longer regarded Medina as his residence, and that he considered his home to be where he was then actually living and doing business. See *Board of Supervisors* v. *Davenport,* 40 Ill. 197.

On the facts appearing in this record we have no hesitation in saying the issue should have been found by the court for the defendant.

*Judgment reversed.*