## E. B. NICHOLS ET AL. v. PHIL. CLAIBORNE.

1. A carriage, the only vehicle owned by defendant in execution, was exempt from forced sale by the statute of 1866.
2. An injunction properly issued to prohibit the sale under execution of a carriage, it being shown that it was the only vehicle owned by defendant in execution.

APPEAL from Bastrop. Tried below before the Hon. J. P. Richardson.

*Jones & Sayers*, for appellants.—This is a suit by injunction to restrain the sale of a pleasure carriage, seized under execution issued upon a judgment recovered December 10, 1867. The pleasure carriage is claimed as

exempt from forced sale under an act of the Legislature, approved August 15, 1870.

The judgment was rendered long anterior to the exemption, and hence the statute does not apply; but if it does, it impairs the obligation of contracts, and is therefore void.

We do not mean to attempt a review of the authorities upon this point, or offer argument upon a question already exhausted by the ablest jurists of the country, but will call the attention of the court to the case of Jones v. McMahon, 30 Texas, 719.

Section 14, Bill of Rights (Art. 1, State Const.), which we confess to have overlooked in the trial of the cause before the court *a quo*, relieves the case of all embarrassment growing out of conflict of authorities as to distinctions between contract and remedy. The following is the language of the section: "No bill of attainder, *ex post facto* law, retroactive law, or any law impairing the obligation of contracts, shall be made, and no person's property shall be taken or applied to public use without just compensation being made, unless by the consent of such person. Nor shall any law be passed depriving a party of any remedy for the enforcement of a contract which existed when the contract was made." By this provision of our Constitution all distinction between contract and remedy is destroyed. It cannot be denied that the exemption of pleasure carriages does deprive the party of remedy existing at the date of the contract, and is therefore in violation of said section.

The statute of August 15, 1870, does not apply to the case at bar.

It would be unjust to the Legislature to suppose that the intention was to affect antecedent contracts. All statutes are construed to operate prospectively, unless the intention of the Legislature to the contrary be so

clearly expressed as not to admit of doubt. (Sedg. Stat. & Const. Law, 190, 191.) The language of the statute does not require a departure from the rule.

OGDEN, P. J.—There is no error in the judgment of the court in sustaining and perpetuating the injunction in this case.

The statute of 1866, at least, by a liberal construction would have exempted one vehicle from forced sale, whether it was a wagon, in the ordinary meaning of that word, or a carriage, provided that was the only vehicle owned or possessed by the party claiming the exemption; and with this construction of the statute of 1866, the statute of 1870 could hardly be claimed as impairing the obligation of a contract under the facts stated in this case.

The carriage or buggy levied upon in this case is the only vehicle owned by the appellee, and we think under either statute referred to he had a right to claim one as exempted from forced sale. The judgment of the lower court is affirmed.

AFFIRMED.