WARREN E. CHESNEY, PLAINTIFF IN ERROR, v. ALSON FRANCISCO, DEFENDANT IN ERROR.

1. Exemption. One F., the head of a family, removed to this state with his family, with the intention of residing here; but a few days thereafter, and before he occupied a dwelling, his personal property was attached upon the ground that he was a non-resident. In an action of replevin to recover the property, *held*, that he was entitled to the benefit of the exemption law.

2. ———. Under our statute exempt property may be claimed at any time before it is sold.

ERROR to the district court for Saline county. Tried below before WEAVER, J.

*Hastings & McGintie*, for plaintiff in error.

*Colby & Hazlett*, for defendant in error.

MAXWELL, J.

In December, 1878, the defendant, who is the head of a family, removed to this state, and while stopping at the residence of his wife's father in Saline county, his personal property was levied upon under an order of attachment issued out of the county court of Saline county. The plaintiff herein is a constable, and levied the writ of attachment and took the property into his possession. The county court seems to have rendered judgment on

the attachment in favor of the defendant. The plaintiff in that action then appealed to the district court. The defendant herein thereupon commenced an action of replevin and recovered the possession of the property thus attached. On the trial of the suit in replevin the court found, " the value of all of said property at the time it was levied upon under the writ of attachment, and at the time it was replevied by the plaintiff, to be three hundred and fifty dollars, and that it was all the property owned by the plaintiff, and that plaintiff was and is the head of a family, and a *bona fide* resident of Saline county, Nebraska, and actually engaged in the business of agriculture, and the court further finds that the plaintiff was damaged by reason of the unlawful detention of the property in controversy by defendant, in the sum of five dollars, wherefore it is considered and adjudged by the court that plaintiff retain said property, and that he have and recover of and from the defendant the said sum of five dollars, his damages, and his costs herein, taxed at fifty-two dollars and thirty-three cents. The court further finds that at the time the property was attached the plaintiff did not claim the property as exempt, but did so before the sale of the same." The cause is brought into this court by petition in error.

It is said on behalf of the plaintiff in error, that the right of exemption is a personal right, which must be claimed. This is undoubtedly true as to such property as must be selected by the debtor or his agent. But under our exemption law exempt property may be claimed at any time before the sale. The statute provides that certain articles, among them a span of horses, harness, and wagon, " shall not be liable to attachment, execution, or sale on any final process issued from any court in the state against any party being a resident of the state and the head of a family." The testimony in this case shows that Francisco is the head of a family, and that he came

to this state for the purpose of residing here. This makes him a resident of the state within the meaning of the exemption law.

In the case of *The People v. McClay*, 2 Neb., 9, Lake, J., in delivering the opinion of the court, says: "The relator is a resident of the state, and the head of a family consisting of a wife and several children. He has neither lands, town lots, nor houses subject to exemption under the laws of Nebraska. He is therefore entitled to the benefits secured by section 521 of the code of civil procedure, viz.: to have exempt from forced sale on execution the sum of five hundred dollars in personal property. These benefits are secured to him, not because of the residence of his family, but his own. They attach to him in his own right as the head of a family actually residing here."

The testimony clearly shows that the defendant is a resident of the state, and the fact that he was temporarily stopping at his father-in-law's is of no consequence, as it does not deprive the debtor of his right to the exemption provided by statute. There is no error in the record, and the judgment is in all things affirmed.

JUDGMENT AFFIRMED.