DAVID SWANEY ET AL., PLAINTIFF IN ERROR, V. EUGENE HUTCHINS, DEFENDANT IN ERROR.

**Attachment:** NON-RESIDENTS. One S. in May, 1881, came from Illinois to this state, with the intention of abandoning his former residence and residing here; but his wife remained in Illinois until October of that year. In January, 1881, an action by attachment was commenced against S. and wife upon the ground that they were non-residents. *Held,* That the attachment could not be sustained.

Error to the district court for Lancaster county. Tried below before POUND, J.

*Burr & Kelly,* for plaintiffs in error, cited *People v. McClay,* 2 Neb., 7. *Chesney v. Francisco,* 12 Neb., 626. Thompson on Exemptions, secs. 91 and 259. *Lacey v. Clements,* 36 Tex., 66 or 661. *Succession of Christie,* 20 La. An., 383. *Wilder v. The State,* 29 Ark., 280. *Williams v. Sweetland,* 10 Iowa, 51. Bishop on Mar. and Div., sec. 118.

*M. Montgomery,* for defendant in error, cited 2 Bouvier Law Dic., 470. Comp. Stat., 261, sec. 32. *Keith v. Stetler,* 25 Kan., 100. *Campbell v. White,* 22 Mich., 178.

BY THE COURT.

The plaintiffs in error are husband and wife, and prior to May, 1881, were residents of the state of Illinois. Mary Swaney is the owner of certain real estate in Lancaster county, and during the month of May, 1881, David Swaney came to this state bringing with him his team and harness, wagon, clothing, etc., intending to become a permanent resident of the state. He at once, with the consent of his wife, commenced the erection of a dwelling upon the real estate owned by her, intending as soon as the building was completed, to bring his wife and family to

reside therein. The building was not completed until October of that year. About the 1st of August, 1881, David Swaney, in consequence of the sickness of his wife, returned to Illinois, having previously made arrangement for the completion of a dwelling upon his wife's land; and about the first of October of that year, he with his wife and family came to this state, and as soon as the dwelling-house upon his wife's land was completed, moved therein, and have since occupied the same as the family homestead. On the 14th day of June, 1881, the defendant in error commenced an action by attachment against the plaintiffs in error, the sole ground of the attachment being that they were non-residents of the state. A copy of the summons and order of attachment were served upon David Swaney, in Lancaster county, while engaged in digging a cellar for his dwelling, and by personal service upon Mary Swaney in the state of Illinois. The plaintiffs filed a motion to dissolve the attachment upon the ground that at the time the attachment was levied they were not non-residents of the state; and supported the motion by affidavits showing the facts above stated. The court overruled the motion and sustained the attachment. The sole question for determination is, were the plaintiffs non-residents at the time the attachment was levied?

In the case of *The People v. McClay*, 2 Neb., 7, it was held that a person who came to this state with the intention of becoming a resident, and who has no intention of removing therefrom, was entitled to the benefit of the exemption law. And the fact that his family did not accompany him was held to be of no consequence so long as he came with the settled purpose of abandoning his foreign residence, and of bringing his family here. And in *Chesney v. Francisco*, 12 Neb., 626, the same rule was applied to a person who had removed to this state with his family with the intention of residing here. If a person go to a place with the intention of residing there, he acquires

a domicile whether his residence be long or short, provided it appears that he took up his abode with the intention of remaining. Thus in the case of *Wells v. The People*, 44 Ill., 40, one Wells, formerly a resident of New York, came to Illinois and purchased a farm therein, which he cultivated and lived upon from 1861 to August, 1864, but his wife continued to reside in New York. In May, 1864, his property was attached upon the ground that he was a non-resident of Illinois. The court held that the facts and circumstances showed that he was a resident, and that the attachment would not lie.

In *Brown v. Ashbough*, 40 How. Pr., 260, one Ashbough left Hamilton, Canada, where he had resided and done business for several years, on the twenty-fourth of September, 1870, and went to the state of New York with the intention of taking up his residence there, but his wife still remained in Canada. On the third day of October of that year an attachment was issued against him in New York upon the ground that he was a non-resident. It was held that the defendant was a resident of the state. *Heidenbach v. Schland*, 10 How. Pr., 477, is to the same effect. See also *Barnet's Case*, 1 Dallas, 152. *Thurneyssen v. Vouthier*, 1 Miles, 422. *Kennedy v. Baillie*, 3 Yeates, 55. *Lyle v. Foreman*, 1 Dallas, 480. *Smith v. Story*, 1 Humph., 420. *Stratton v. Brigham*, 2 Sneed, 420. *Shipman v. Woodbury*, 2 Miles, 67. *Wheeler v. Degnan*, 2 Nott and McCord, 323. *Matter of Wrigley*, 4 Wend., 602.

The test of residence, when a party removes from one state to another, seems to be, did he remove from his former residence with the intention of abandoning the same? If a party, in pursuance of that intention actually went beyond the borders of the state, he will become a non-resident of that state, and upon going into another state with the intention of residing there, he will become a resident thereof. The wife's domicile is that of the hus-

band. This maxim, as was said by SHAW, Ch. J., in *Harteau v. Harteau*, 14 Pick., 185, is founded upon the theoretic identity of person and of interest between husband and wife, as established by law, and the presumption that, from the nature of that relation, the home of the one is that of the other. *Lacy v. Clements*, 36 Texas, 661. *Johnston v. Turner*, 29 Ark., 280. *Succession of Daniel Chastie* 20 La. Ann., 383.

The plaintiffs were not non-residents of the state at th time the attachment was issued, and there was no authority to issue the same upon that ground. The plaintiffs claim the land in dispute as a homestead, and seem to be entitled to the same on that ground; but we find it unnecessary to pass upon that question. The judgment of the district court sustaining the attachment is reversed, the attachment dissolved, and the proceedings therein dismissed

JUDGMENT ACCORDINGLY.