DANIEL DESMOND, PLAINTIFF IN ERROR, V. THE STATE
OF NEBRASKA, EX REL. AUGUST POFALL, DEFEND-
ANT IN ERROR.

**Exemption:** WAIVER. Where exempt property has been levied
upon, the giving of a redelivery undertaking by the debtor is
not a waiver of the exemption.

ERROR to the district court for Madison county.    Tried
below before BARNES, J.

*George N. Beels,* for plaintiff in error.

No appearance for defendant in error.

MAXWELL, J.

The defendant in error made application to Judge Barnes
for and obtained a peremptory writ of mandamus.    In the
application he alleges that he is the head of a family, a res-
ident of the state, and actually engaged in the business of
agriculture; that on the twenty-fifth day of January, 1882,
one Cyprian Inman caused an execution to be issued on a
judgment rendered before a justice of the peace in his favor
and against said Pofall; that the execution was delivered
to Desmond as deputy sheriff, and he levied the same on
one span of horses, a set of harness, and one wagon, the
property of said Pofall; that on the eleventh of March,
and before the sale of said property, said Pofall claimed
the same as exempt from execution by filing with said offi-
cer a sworn inventory of all his property; that said Des-
mond refused and still refuses to release said property, but
has advertised the same for sale under said execution, etc.;
that said execution was not issued on a claim for clerk's,
laborer's, or mechanic's wages, nor for money due and
owing by an attorney at law.

The answer alleges that Pofall has made no selection of the property *as required by law;* that the plaintiff has submitted to the levy without protest or reservation by giving Desmond a redelivery bond, etc.

On the hearing Judge Barnes found that the property levied upon was exempt, and granted a peremptory writ of mandamus, and taxed the costs to Desmond. He brings the cause into this court by petition in error. It is clearly shown that the property levied upon was exempt. This being so, does the giving of a redelivery bond to the officer waive the exemption? We think not.

Sec. 1072 of the code authorizes the officer to take "security for his own indemnity" when he permits the execution debtor to retain the property to the time of sale. But if the property was exempt the giving of such security would not be a waiver of the exemption. It is not the policy of the law to deprive the head of a family of the means of gaining a livelihood, and reduce him from a useful citizen to a pauper. The exemption law is to receive a liberal construction in order to carry its beneficent provisions into effect. If property ·is exempt no good reason exists why the debtor should not be permitted to claim it at any time before the sale, and such has been the practice in this state. *Chesney v. Francisco,* 12 Neb., 626. When the levy is made and the redelivery bond given the debtor may not be aware of his rights in the premises, and he simply agrees that the property shall not be removed; in other ·words, shall be held for the officer subject to the debtor's rights under the law. The officer acquires no greater rights by the undertaking than he would have had by taking the property into his possession. He should therefore have released the property without compulsion, and having failed to do so the judgment must be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.