HENRY CUNNINGHAM, APPELLEE, V. JAMES CONWAY, APPELLANT.

1. **Exemption.** The rule as applied in *The People v. McClay,* 2 Neb., 7, adhered to, that where the debtor has neither lands, town lots, nor houses subject to exemption, he may in lieu thereof hold personal property of the value of $500; and it is the duty of the officer levying the execution, when the debtor files an inventory of all his property, to call three disinterested freeholders of the county to appraise such property, and if its value does not exceed $500, return it to the owner.

2. ———. If the officer neglect or refuse to call appraisers, the debtor may by mandamus compel him to act, or may bring an action against him for non-performance of his duty, or may enjoin the sale under the execution, upon the ground that the officer is proceeding illegally under a claim of right. *Johnson v. Hahn,* 4 Neb., 149.

*L. C. Chapman,* for appellant, cited: *Gibson v. Parlin,* 13 Neb., 292. *B. & M. v. York Co.,* 7 Neb., 487. *B. & M. v. Kearney Co.,* 17 Neb., 511. *Village of Van Wert v. Webster & Wise,* 31 O. S., 420. Code, Sec. 182. Wells on Replevin, Sec. 248, and note 5. *Read v. Yeager,* 3 N. E. R., 856. *Greig v. Russell,* 4 N. E. R., 780. *Winstandley v. Rarden,* 11 N. E. R., 15. Story's Equity Pleading (7th edition), Secs. 41–42. *Wilson v. Galey,* 2 N. E. R., 736. *Board of Com'rs v. Kimberlin,* 9 N. E. R., 407.

APPEAL from the district court of Johnson county. Heard below before BROADY, J.

*D. P. Henry,* for appellee, cited; *Mann v. Welton,* 21 Neb., 541. Civil Code, Secs. 521, 522.

MAXWELL, J.:

The plaintiff brought an action against the defendant, in the district court of Johnson county, to restrain him from

selling certain property levied on under an execution issued by a justice of the peace. A demurrer to the petition was overruled, and the injunction made perpetual. The defendant appeals.

The cause of action is stated as follows: "The plaintiff complains of the defendant for that said plaintiff is the head of a family, a resident of this state; that he has neither lands, town lots, nor houses subject to exemption as a homestead under the laws of this state. On the 20th day of February, 1886, one L. C. Chapman obtained a judgment against him before J. H. Burtch, a justice of the peace of Nemaha precinct, in and for said county, for the sum of $149.84 and costs taxed at $2.55; that on the 26th day of July, 1888, he caused an execution to be issued therein and delivered to and levied by the defendant, as said constable, on one roan cow and six head of hogs, all belonging to plaintiff. The plaintiff thereupon filed with the defendant an inventory under oath of the whole of the personal property owned by him, and the same is of less than $500 in value, and claimed said property as exempt; but said defendant refused and still refuses to call to his assistance three disinterested freeholders of the same county, and have said property appraised, and threatens to, and is about to, sell the same under said execution. Said action is not brought, nor judgment rendered upon a claim for clerk's, laborer's or mechanic's wages, nor for money due and owing by an attorney at law for money or other valuable consideration received by said attorney from any person or persons. The defendant has not advertised said property as required by law, but has advertised said property for sale on the 29th day of August, 1888, under an execution dated and delivered to him on the 26th day of July, 1888, said execution having been returnable on the 26th day of August, 1888. The defendant posted only three notices advertising said property for sale under said execution, instead of four, as required by law. The de-

fendant intends to and is going to sell said property so belonging to plaintiff, unless he is restrained, which will be an irreparable injury to plaintiff, and he has no adequate remedy at law."

The demurrer in effect admits that the property levied upon was exempt, and therefore not liable to be taken on an execution.

In *People v. McClay*, 2 Neb., 7, it was held that the head of a family who had neither lands, town lots, or houses subject to exemption, may hold in lieu thereof personal property of the value of $500, and that the officer holding the execution could be compelled by mandamus to appraise the debtor's property, and if its value did not exceed $500 it was his duty to release it from execution and return it at once to the debtor. This decision was rendered in the year 1870, the opinion having been written by Judge Lake, and has been followed from that time until the present. See *State v. Cunningham*, 6 Neb., 98. *Chesney v. Francisco*, 12 Neb., 626. *Swaney v. Hutchins*, 13 Neb., 266. *Desmond v. State*, 15 Neb., 438. Maxw. Prac. in Justice Courts (5th Ed.), 200.

The plaintiff alleges in his petition that he possesses neither lands, town lots, nor houses subject to exemption as a homestead, and that he filed an inventory of all his property with the officer, who refused to call appraisers to appraise the same. If these statements are true, the debtor might have compelled the officer to call appraisers, or have brought an action against him for the failure to perform his duty, yet he is not restricted to these remedies. The property being exempt, the debtor is entitled to the peaceable possession of the same, and the officer may be enjoined from wrongfully depriving him of his property, as the officer is proceeding illegally under a claim of right. *Johnson v. Hahn*, 4 Neb., 149. *Mohawk, etc., R. R. Co. v. Artcher*, 6 Paige, 83. *Belknap v. Belknap*, 2 John. Ch., 463.

The judgment of the district court, therefore, is right, and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.