## PARSONS *v.* HARTMAN.
### [S. C. 37 Pac. 61.]

INJUNCTION—SALE OF EXEMPT PROPERTY ON EXECUTION.—A suit by a judgment debtor will not lie to enjoin the sale of his personal property under execution upon the ground that it is exempt by law from sale under judicial process, unless the property possesses a special value to the judgment debtor alone, such as a keepsake, or a memento of some kind, the loss of which cannot be compensated in damages, since the judgment debtor has an adequate remedy at law for the unlawful seizure or detention except as to property possessing such special value.

APPEAL from Umatilla: MORTON D. CLIFFORD, Judge.

This is a suit by William Parsons to restrain the defendants from selling exempt personal property upon execution. The plaintiff, in substance, alleges that the defendant, George A. Hartman, having obtained a judgment against him in the circuit court of Umatilla County, Oregon, caused an execution to be issued thereon, and delivered to the defendant William J. Furnish, the sheriff of said county, who, in pursuance of the direction of his codefendant, levied upon necessary wearing apparel of the plaintiff and his family, and upon the household goods, furniture, utensils, books, library, tools, implements, and apparatus necessary to enable him to carry on his profession of an attorney at law, by which he earns a living; that at the time of said levy he was a householder of said county, and as such selected and reserved as exempt from execution and sale under said writ all said personal property, and delivered to said sheriff a schedule thereof with the reasonable value of each article set opposite thereto, amounting in the aggregate to five hundred and fifty dollars and thirty cents; but that said sheriff, acting under the direction of his codefendant,

advertised and was threatening to sell all said property to his irreparable injury; that he had no plain, complete, or adequate remedy at law for the injury threatened, and prays an injunction restraining said sale. The defendants demurred to the complaint, alleging that it did not state facts sufficient to constitute a cause of suit, and that the court had no jurisdiction of the subject matter thereof, and the demurrer having been overruled, they refused to further plead, whereupon the court by decree made the temporary injunction which had been granted perpetual, and awarded the plaintiff his costs and disbursements, from which decree the defendants appeal.                         Reversed.

*Messrs. Bailey & Balleray,* for Appellants.

*Mr. William Parsons, pro se.*

Opinion by Mr. Justice Moore.

Counsel contend that the plaintiff has a plain, speedy, and adequate remedy at law, and that equity will not entertain jurisdiction to enjoin the sale upon execution of personal property that is exempt therefrom. There is a conflict of authority upon the right of a judgment debtor to enjoin the sale of his personal property under execution upon the ground that it is exempt by law from sale under judicial process. It has been held in Texas that a sale of personal property which is exempt from execution may be restrained at the suit of the judgment debtor: *Nichols* v. *Claiborne,* 39 Tex. 363; *Alexander* v. *Holt,* 59 Tex. 205; *Stein* v. *Freiberg,* 64 Tex. 271; but Mr. Freeman, in his work on Executions ( Vol. 2, § 439, 2d Ed.), in commenting upon the rule established in *Nichols* v. *Claiborne,* says: "No reason for the decision was given, and we doubt whether any sufficient

reason can be found.    The remedy at law, where exempt personal property is seized, is in most, and perhaps in all, cases adequate for the protection of the interests of the claimant."    The rule announced in Texas has been adopted in Nebraska, (*Cunningham* v. *Conway*, 25 Neb. 615, 41 N. W. 452,) where the court gives the following statement and reason for its decision:    "The plaintiff alleges in his petition that he possesses neither lands, town lots, nor houses, subject to exemption as a homestead, and that he filed an inventory of all his property with the officer, who refused to call appraisers to appraise the same.    If these statements are true, the debtor might have compelled the officer to call appraisers, or have brought an action against him for the failure to perform his duty, yet he is not restricted to these remedies.    The property being exempt, the debtor is entitled to the peaceable possession of the same, and the officer may be enjoined from wrongfully depriving him of his property, as the officer is proceeding illegally under a claim of right":    *Johnson* v. *Hahn*, 4 Neb. 149; *Mohawk Railroad Co.* v. *Artcher*, 6 Paige, 83; *Belknap* v. *Belknap*, 2 John. Ch. 463.    In *Johnson* v. *Hahn* an injunction was granted to restrain the sale of real estate for delinquent taxes, which could only result in a conveyance creating a cloud upon title.    In *Mohawk Railroad Co.* v. *Artcher* the defendant sought to dissolve an injunction which restrained him from opening a private way across plaintiff's real property.    The court continued the injunction for the reason that the act complained of was not a mere trespass, but an attempt to exercise a continued right of passing across and through the complainant's premises, to the permanent injury of the property.    The case of *Belknap* v. *Belknap* was a suit to enjoin the defendant from lowering the outlet of a pond which furnished water to operate plaintiff's mill.    The court found that it was not a case

of an ordinary trespass impending, but one great and special, leading to lasting mischief and the destruction of the estate, and tending to promote a multiplicity of suits, and perpetually enjoined the threatened injury. It will thus be seen that each case cited in support of the rule adopted in *Cunningham* v. *Conway*, *supra*, 25 Neb. 615, 41 N. W. 452, related to injunctions granted to restrain the creation of clouds upon title or to prevent trespasses upon real property.

In *Baxter* v. *Baxter*, 77 N. C. 118, it was held that injunction was not the proper remedy of the judgment debtor to determine the title to exempt personal property seized under execution. "Upon principle," says Mr. High in his work on Injunctions, § 122, in discussing the right of the judgment debtor to enjoin the sale of exempt personal property under execution, "it is difficult to perceive any satisfactory reason for interfering by injunction in such cases, since adequate relief may usually be had by an action at law." Section 380, Hill's Code, provides that "the enforcement or protection of a private right, or the protection of or redress for an injury thereto, shall be obtained by a suit in equity in all cases where there is not a plain, adequate, and complete remedy at law." Sections 132-143 furnish such a remedy at law for the recovery of personal property, and section 214 authorizes a jury to award damages for an unlawful seizure of such property. The owner of a chattel having a complete remedy at law for its unlawful seizure or detention, equity will not entertain jurisdiction at his suit to recover possession of it, except where it has a certain, special, extraordinary, and unique value, impossible to be compensated for by damages: 1 Pomeroy's Equity, § 177. And if it appeared from the complaint, in the case at bar, that any article of personal property levied upon by the defendants possessed a special value to the plaintiff alone,

such as a keepsake or memento of any kind, the loss of
which could not be compensated in damages, equity
would interfere to prevent its sale.   Where an unlawful
and oppressive seizure of exempt property has been made
upon execution, the claimant, under ordinary circum-
stances, may safely risk his cause to the keen sense of
justice inherent in mankind, and feel assured that a jury
will by its verdict award him damages for the injury
sustained.   The plaintiff having, under the statute, a
complete remedy at law for his injury, and nothing ap-
pearing in the record to entitle him to invoke the inter-
position of a court of equity, the decree of the court
below is reversed, the demurrer sustained, and the com-
plaint dismissed.                               REVERSED.