Argued 16 July, decided 6 August, 1907.

## WOLFER *v.* HURST.

91 Pac. 366.

APPEAL—REVIEW OF INTERMEDIATE ORDER—HARMLESS ERROR.

1. On appeal complaint cannot be made of an order modifying a temporary injunction without the notice expressly required by statute, unless it shall appear that the injunction should have been permanently ordered.

ENJOINING TRESPASS—IRREPARABLE INJURY.

2. To justify a court of equity in enjoining a trespass it must appear that an irreparable injury will be inflicted unless the writ is issued.

INJUNCTION—INSOLVENCY—BOND ON APPEAL.

3. The insolvency of a defendant in a forcible entry and detainer action is immaterial in a suit to enjoin him from removing chattels from the premises in question pending the determination of such action, where the defendant appealed from the judgment and gave a bond for double the rental value and for restitution.

FORCIBLE ENTRY AND DETAINER—APPEAL—SUFFICIENCY OF UNDER-
TAKING—PRESUMPTION.

4. Where on judgment for plaintiff in a forcible entry and detainer action defendants gave a bond under the express terms of Section 5754, B. & C. Comp., guaranteeing payment of twice the rental value of the land should judgment be affirmed, the undertaking must be presumed sufficient for the objects given, and is effectual for all purposes until the final determination of the cause, in the absence of objections or exceptions thereto.

INJUNCTION—REMEDY AT LAW.

5. Where a defendant in forcible detainer has given the statutory bond for double rent, such bond affords an adequate remedy at law for the damage caused by seizing the crop pending the appeal, and bars an injunction to prevent removing such crop before the final determination of the law action.

From Marion: WILLIAM GALLOWAY, Judge.

Suit by George J. Wolfer against W. H. Hurst and another. From a decree dismissing the complaint, plaintiff appeals.

AFFIRMED.

For appellant there was a brief over the name of *Bonham & Martin,* with an oral argument by *Mr. Carey Fuller Martin.*

For respondents there was a brief over the name of *Carson & Cannon,* with an oral argument by *Mr. Anderson M. Cannon.*

Opinion by MR. COMMISSIONER KING.

This is a suit to enjoin defendants from removing or in any manner disposing of a crop of hops from plaintiff's farm until the final determination of a forcible entry and detainer action between the parties herein pending in the supreme court of this State: 47 Or. 146 (80 Pac. 419, 82 Pac. 20). At the time of the filing of the complaint a decision affirming the judgment of the court below in the proceeding referred to had been filed. The mandate was withheld awaiting the consideration of a petition for rehearing. The complaint alleges, in effect, that plaintiff is the owner of and entitled to the immediate possession of the property involved in the action mentioned; that defendants forcibly and wrongfully took possession of the premises, which possession they wrongfully and unlawfully retain

and hold by force, for the purpose of securing and applying to their own use the crop of 1905, consisting of 10,000 pounds of hops, valued at $1,500, with the intention of selling and removing the same from the land and beyond the jurisdiction of this court, before the mandate of the supreme court can possibly be procured; that defendants have been and are cultivating the crops in an improper manner and willfully and maliciously tearing up and injuring the hop vines, thereby and otherwise causing irreparable injury to the estate; that the appeal from the proceedings in the former case was taken, and the petition for rehearing filed, for the purpose of delay, in order to defraud plaintiff, as aforesaid; that in taking the appeal the undertaking given was only for the sum of $250; that such sum is insufficient to protect the plaintiff in damages and loss which will result from the acts complained of; that defendants are insolvent, and unable to respond in damages; and that the rental value of the premises for the year 1905 was about $1,500. On the facts alleged a decree is asked to the effect that plaintiff be declared the owner of the alleged crop free from any claims or liens thereon; that defendants be enjoined from selling or disposing of the crop grown on the premises involved in the former action, or in any manner incumbering the same with a mortgage or other lien, or from removing any part thereof from the jurisdiction of this court, until the final determination of this suit, during which time it was prayed that defendants and their agents be enjoined from in any manner molesting plaintiff's property; that pending the final determination herein a receiver be appointed to take possession of the property, with power to employ the necessary help and to harvest and dispose of the crops, as the court might direct. Upon the filing of the complaint, a temporary restraining order was issued, in accordance with the request, except as to the appointment of a receiver.

An answer, by way of a plea in abatement, was filed, to which a demurrer was sustained and the plea dismissed. An answer was then filed to the merits, admitting the existence of the for-

mer proceeding and that it was in the supreme court, alleged the facts leading to the institution of the forcible entry and detainer action; that defendants had occupied the premises during the pendency of the action throughout the different courts in good faith; had expended $875 in cultivation, growing of the crop, etc., thereon; that the hop crop had been picked by them at the time of the commencement of this suit, and that plaintiff had no right nor title thereto. To the affirmative allegations of the answer a demurrer was filed and sustained, on the ground that they did not state facts sufficient to constitute a defense.

On an *ex parte* motion of the defendants the temporary restraining order was modified, by permitting the removal of the hops from the hophouse on the premises, which were directed to be stored in a warehouse of the Southern Pacific Railway Company at Hubbard, Oregon, a receipt taken therefor, and immediately deposited with the clerk of the court, awaiting the final determination of this suit. Testimony was taken before the court, and, based upon findings therefrom to the effect that defendants were not insolvent, and that plaintiff has a plain, speedy and adequate remedy at law, a decree was entered dismissing the complaint. At the time the decree of dismissal was entered, it appearing to the court, by affidavit, that the defendants had loaded the disputed hops, for shipment, on cars of the Southern Pacific Railway Company, an order was made by the court, to the effect that defendants return the same to the warehouse of said railway company at Hubbard, Oregon, to be left there until the final determination of the proceedings on appeal. From the decree dismissing the complaint plaintiff appeals.

1. It is maintained by the plaintiff that the court erred in modifying the temporary restraining order, without notice having been given to plaintiff in accordance with B. & C. Comp. § 422. The effect of the action of the court in dissolving or modifying an order, under the circumstances named, can only be material when it shall be found that plaintiff is entitled to such relief.

2. The question, then, for determination and the only point urged, necessary to be considered here under the record, is: Had plaintiff a plain, speedy and adequate remedy at law? If answered in the affirmative, it disposes of the point mentioned, as well as the entire case; for, if plaintiff has such remedy, the error suggested, if it can be termed such, could not have been prejudicial to plaintiff, nor would the action of the court in dismissing the complaint be erroneous. Whatever may be the rule in other states, it is settled here that, in absence of a showing to the effect that the acts complained of amount to an irreparable injury to the estate, a court of equity will not enjoin a trespass thereon: *Moore* v. *Halliday,* 43 Or. 243 (72 Pac. 801: 99 Am. St. Rep. 724); *Hume* v. *Burns,* 50 Or. 124 (90 Pac. 1009).

3. The evidence does not disclose that any permanent injury was either done or threatened to the premises. The manner of caring for the hops and cultivation thereof is not shown to be such as would result in permanent injury to the estate. The testimony bearing on the subject indicates only a difference of opinion as to the proper manner in which such hops should be handled; and, whatever may have been the proper method of cultivation thereof, no damage of any serious consequence is established, either actual or threatened. Our statute has this provision, when an appeal is taken in a forcible entry and detainer action:

"If judgment be rendered against the defendant for the restitution of the real property described in the complaint, or any part thereof, no appeal shall be taken by the defendant from such judgment until he shall, in addition to the undertaking now required by law upon appeal, give an undertaking to the adverse party, with two sureties, who shall justify in like manner as bail upon arrest, for the payment to the plaintiff of twice the rental value of the real property of which restitution shall be adjudged from the rendition of such judgment until final judgment in said action, if such judgment shall be affirmed upon appeal": B. & C. Comp. § 5754.

It could make no difference, therefore, as to the alleged insolvency of the defendants in view of the undertaking provided by

the statute, which entitled plaintiff to recover double the rental value of the property for the time during which the action was pending. The undertaking given for that purpose was executed in the forcible entry and detainer action by the defendants and two sureties, and guarantees payment of twice the rental value of the land, in the event of the court adjudging restitution to plaintiff. While the sureties only justify in the sum of $500 each, no limitation is placed on their liability under the instrument. No objection appears to have been made to the sufficiency of the undertaking, nor is it alleged or attempted to be shown that the sureties are insolvent.

4. In the absence of objections or exceptions thereto, the undertaking must be presumed sufficient for the objects given, and is effectual for all purposes until the final determination of the cause mentioned: 47 Or. 156 (80 Pac. 419, 82 Pac. 20).

5. It is evident that the object of this statute was to protect the owner against loss in a case of this kind, while the proceedings are pending on appeal and until the final determination of the rights of the parties involved, thereby making an injunction unnecessary to secure him against any loss occasioned during the interim, except where irreparable injury to the estate is shown.

The question as to whether plaintiff is entitled to recover the value of the crop or be left solely to his remedy on the undertaking, or as to whether it is in his discretion to rely upon either, is not necessary to a decision herein. But should it be assumed that plaintiff, after obtaining judgment ousting defendants from the land, upon which the crop was raised, was entitled to the possession of the produce grown thereon during the pendency of the proceedings, he would still have an efficient remedy at law: *Parsons* v. *Hartman,* 25 Or. 547 (37 Pac. 61: 30 L. R. A. 98: 42 Am. St. Rep. 803) ; *Moore* v. *Halliday,* 43 Or. 243 (99 Am. St. Rep. 724: 72 Pac. 801) ; *Myer* v. *Roberts,* 50 Or. 81 (12 L. R. A., N. S., 194: 89 Pac. 1051) ; *Jones* v. *McKenzie,* 122 Fed. 390 (58 C. C. A. 96).

It follows from any view that might be taken, under the evi-

dence, that plaintiff has an ample remedy at law, for which reason the decree of the court below should be affirmed.

AFFIRMED.

---

Decided 30 July, 1907.