Argued July 30, decided September 3, 1907.

## SANBORN *v.* FITZPATRICK.

[91 Pac. 540.]

APPEAL—BOND—JUSTIFICATION OF SURETIES.

1. Where an appeal bond was conditioned that appellants and their sureties would pay all damages, costs, and disbursements that might be awarded against them on appeal, it was sufficient and not defective, as limiting the liability to $500, because the sureties only qualified in that sum.

SAME—REPORT OF EVIDENCE—OFFICIAL REPORTER'S CERTIFICATE.

2. Where the evidence was taken in shorthand by an official reporter, whose duty it was to report the entire proceedings, a certificate to the reporter's transcript, that it was a full, true, and correct transcript of the shorthand notes taken at the trial, and of the whole thereof, should be construed as certifying that it concluded the entire proceedings had at the trial.

SAME—RECORD—IDENTIFICATION BY JUDGE.

3. Section 827, B. & C. Comp., provides that in suits in equity which have gone to a decree, the trial judge shall identify the testimony and exhibits within ten days thereafter, and that, where the evidence is taken by a stenographer, he shall extend the same and certify to its correctness, and that all documentary evidence shall be preserved and incorporated in the report of the evidence by the referee. *Held*, that the evidence is only required to be identified by the judge, when the case is tried before a referee, and on a trial before the court, the transcript of the evidence is to be carried by the stenographer.

SAME—CERTIFICATION OF EXHIBITS.

4. Section 827, B. & C. Comp., requires the testimony to be certified by the official stenographer where the case is tried before the judge and a stenographer, and Section 553, B. & C. Comp., and Supreme Court Rule 1, 50 Or. 567 (91 Pac. 7), declare that, when an appeal is from a decree, the clerk shall attach together the testimony, depositions, and other papers on file in his office containing the evidence offered at the trial, and deliver the same to appellant, taking his receipt therefor in duplicate, which depositions, exhibits and other papers may be certified by the clerk. *Held*, that where the case is tried before the trial judge and an official stenographer, the exhibits may be properly certified by the clerk, without a certificate from the trial judge or the reporter.

SAME—FORM OF RECORD.

5. Section 553, B. & C. Comp., Supreme Court Rule 1, 50 Or. 567 (91 Pac. 7), pro, viding that, where an appeal is taken from a decree, the clerk shall attach together the testimony, depositions, and other papers on file in his office, containing the evidence, etc., in so far as it requires the evidence and exhibits to be bound in a single volume, is not mandatory, but directory only, so that it is not a fatal defect that the pleadings, exhibits, and evidence are bound in separate volumes, held together by rubber bands.

SAME—FILING EXHIBITS.

6. It was no objection to the sufficiency of an appeal record, that the exhibits which were properly identified by the stenographer as they were introduced in evidence, were not filed with the clerk of the trial court.

From Clatsop: THOMAS A. McBRIDE, Judge.

Suit by George W. Sanborn against Nora Fitzpatrick and others. From a decree in favor of plaintiff, defend-

ants appeal. Plaintiff files motion to dismiss the appeal and to strike from the files, the evidence taken in the lower court, and the exhibits.

## ON MOTION TO DISMISS THE APPEAL.

*Mr. George C. Fulton* for the motion.

*Mr. Edward B. Watson* and *Mr. David Goodsell, contra.*

Statement by MR. COMMISSIONER KING.

This is a motion to dismiss the appeal, accompanied, in the same instrument, with a motion to strike from the files all of what purports to be the evidence taken in the court below, including the exhibits. The motion to strike is urged on the ground that (1) it does not appear that any of the exhibits were received in evidence, nor the documents purporting to be the exhibits are all the exhibits introduced in evidence at the trial; (2) that the exhibits are not attached to, nor form any part of the testimony; (3) that they are not properly identified; (4) that the exhibits were not filed in the office of the clerk of the county where the cause was tried; (5) that the volume purporting to contain a transcript of the shorthand reporter's notes of the proceedings, is not properly certified, in that it does not appear from the certificate of the official reporter, that the transcript certified to, contains all the testimony, evidence, and proceedings had at the trial; and (6) that all the exhibits and documents are not attached to nor made a part thereof.

The certificate to the testimony filed is as follows:

"State of Oregon,
County of Clatsop—ss.:

I, Charles E. Runyon, official reporter of the Fifth Judicial District of the State of Oregon, do hereby certify, that the above and foregoing is a full, true and correct transcript of my short hand notes taken at the trial of the above-entitled cause, and of the whole thereof.

Witness my hand this 29th day of January, 1907.

Charles E. Runyon."

The exhibits are bound in a separate volume, and have affixed thereto the following certificate:

"State of Oregon,
County of Clatsop—ss.:
I, J. C. Clinton, county clerk in and for said county and state, and clerk of the circuit court in and for said county, hereby certify, that the hereto attached Exhibits marked 'Plaintiff's Exhibits A, B, C, D, E, F, G, H, I, J, K, L, M, and Defendants' Exhibits A, B, C, D, E, F, G, H, I, K, L, M, N, P,' are the original exhibits offered on the trial of the case of George W. Sanborn, Plaintiff, vs. Nora Fitzpatrick, E. M. Linden and Robert J. Linden, Defendants, in the above-entitled court.
In testimony whereof I have hereunto set my hand and seal of said circuit court this 31st day of May, A. D. 1907.
                                  J. C. Clinton,
(Official Seal.)              Clerk of Circuit Court."

The motion to dismiss alleges that the undertaking on appeal limits the liability therein to $500, for which reason a dismissal of the appeal is demanded.

MOTION OVERRULED.

Opinion by MR. COMMISSIONER KING.

1. The first point demanding attention is the sufficiency of the undertaking on appeal, to which it is urged by plaintiff, that the liability thereon is limited to $500. If limited, it is settled that the undertaking is insufficient: *State* v. *McKinmore,* 8 Or. 207. But an examination of the undertaking before us, fails to disclose any language therein limiting the liability of either defendants or their sureties. Its provisions follow the wording of the statute, to the effect that appellants and their sureties will pay all damages, costs, and disbursements that may be awarded against them on appeal. True, the sureties only qualify in the sum of $500, but this can in no way be construed as limiting their liability: *Wolfer* v. *Hurst,* 50 Or. 218 (91 Pac. 366). The grounds stated in the motion to dismiss are therefore untenable.

2. It is next urged that the exhibits and transcript of the official reporter's notes should be stricken from the files, on account of the irregularities suggested in the motion. The certificate of the official reporter states, that the transcript is a true and correct copy of his shorthand notes taken at the trial, and of the whole thereof. It will be presumed that where the court appoints an official reporter, and he enters upon the duties of his office, he reports the entire proceedings; and we think it clear from the language used in the certificate to the transcript of his notes, that he intended thereby to state that it includes the entire proceedings had at the trial.

3. Each exhibit is referred to in the evidence reported, designated by a letter as introduced, and the exhibits accompanying the transcript of the pleadings and evidence, are marked in the order indicated in the testimony, with the reporter's name subscribed thereto, together with the certificate of the clerk attached, properly identifying each exhibit. Section 827, B. & C. Comp., provides that in suits in equity, where it has gone to a decree, the trial judge shall identify the testimony and exhibits within 10 days thereafter. This section also provides that, where the evidence is taken by a stenographer, he shall extend the same and certify to its being a correct transcript thereof, and that all documentary evidence shall be preserved and incorporated in the report of the evidence by the referee. It has been settled by the decisions of this court that the identification required of the trial judge, applies only where the cause is tried before a referee, and not in presence of the court: *Tallmadge* v. *Hooper,* 37 Or. 503 (61 Pac. 349, 1127) ; *Hume* v. *Burns,* 50 Or. 124 (83 Pac. 391). But, where the cause is tried before the trial judge, the stenographer, if one is appointed by the court, shall certify to the testimony.

4. Section 553, B. & C. Comp., as well as rule 1 of this court (50 Or. 567: 91 Pac. 7), provides, in effect, that,

when the appeal is from a decree, the clerk shall attach together the testimony, depositions, and other papers on file in his office containing the evidence offered at the trial, and deliver the same to the appellant, taking his receipt therefor in duplicate, which depositions, exhibits, and other papers, under rule 1 of this court, may be certified to by the clerk. It follows that the certificate of the trial judge or reporter is not required to be affixed to the exhibits filed with the transcript, unless the cause is tried before a referee in the absence of the court, in which event the identification by the trial judge is necessary (*Tallmadge* v. *Hooper,* 37 Or. 503: 61 Pac. 349), while, if tried before the court, the stenographer's certificate is required to the transcript of his notes, and the exhibits must be identified by the clerk, as indicated.

5. It is also urged that the testimony and exhibits should be stricken from the files, because not attached together in one volume. A strict construction of the language of the statute would indicate that this should be done. However, the manner of fastening them together is not stated. In the case before us the testimony is bound in book form and in a separate volume, the exhibits in another volume, the transcript of pleadings and other papers in another, and the three volumes held together by being inclosed in large rubber bands. In fact, this is the most convenient and practical manner in which it could have been done. That the law in this respect is directory, and not mandatory, is evident. It is well known that in many equity suits, boxes, and even trunks, have been found necessary to bring here the voluminous, and almost endless number of exhibits, containing, in many instances, portions of machinery, firearms, etc., which would make the attaching of all together, in the manner indicated by a technical construction of the statute, an impossibility. The law does not intend either the impossible or impracticable, and, where the language of

the statute would so indicate, it should be held directory, and not mandatory. In the majority of cases the plan indicated by the statute is more convenient; and, in fact, the practice adopted in some districts of copying all of the exhibits into the testimony where offered is safest, and, to say the least, most practicable and convenient for counsel as well as for the court, but such cannot always be done. It is clear, therefore, that some latitude must be allowed in such cases, and that the statute, on questions of this character, should not be strictly construed, where it does not appear that any one has been prejudiced by the acts complained of.

6. Again, it is insisted that the exhibits should be stricken from the record, because not filed with the clerk of the court below. We find no provision in the statute or rules requiring the exhibits to be thus filed. The official reporter, for the purposes of the particular case in which he is appointed by the court to act, is as much an officer of the court as the clerk, and his duties in reference to the documents and evidence introduced are similar in effect and of equal importance (*Tallmadge* v. *Hooper,* 37 Or. 503: 61 Pac. 349), and the stenographer in this case having marked each exhibit as filed, and having designated each by letters thereon with corresponding characters in the testimony, thereby making them easy of identification, this is sufficient.

The motion to dismiss and to strike should be denied.

MOTION OVERRULED.

NOTE: This appeal was afterwards dismissed by stipulation of the parties.                                                              REPORTER.