# ROSEBURG NAT. BANK v. CAMP.

### (183 Pac. 655.)

**Appeal and Error—Without Objection to Confirmation of Sale Jurisdictional Questions Only Reviewable.**

1. Where no application to set aside the order of confirmation of sale of real property was made, and there was no attempt to call the lower court's attention to want of service on defendants of motion to confirm as violating the court rules, and there being no action in the lower court raising and reserving this or other questions, the review is limited to jurisdictional questions and sufficiency of pleadings.

**Execution—Service of Motion to Confirm Sale Unnecessary.**

2. Section 241, subdivision 2, L. O. L., as amended by Laws of 1917, page 64, requires the court to allow the order confirming sale, unless upon hearing it satisfactorily appears that the sale proceedings were substantially irregular to the probable injury of the objector, and service upon the judgment debtors of a motion to confirm is not required by statute, and, where they had knowledge of the final decree directing sale, they cannot be heard to complain of not being served.

**Execution—Notice to Confirm Sale of Land Subject to Rule of Court.**

3. A court, granting an order of confirmation of sale of real property, may construe its own rules as to requiring service of motion to confirm sale of real property upon the judgment debtor.

From Douglas: GEORGE F. SKIPWORTH, Judge.

Department 2.

This is an appeal by defendants from an order of confirmation of sale of real property. A resale of the property was directed by this court upon a former appeal of the cause: See *Roseburg Nat. Bank* v. *Camp,* 89 Or. 67 (173 Pac. 313). After entering the mandate of this court, the trial court ordered that upon application of the plaintiff an *alias* execution issue upon the decree of foreclosure for a resale of the property.

AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. Albert Abraham.*

For respondent there was a brief and an oral argument by *Mr. Benjamin L. Eddy.*

BEAN, J.—1. The assignments of error specify that the court erred in hearing the motion for confirmation, and entering the order of confirmation without notice to defendants as required by the rules of the trial court. Section 241, L. O. L., as amended by General Laws of Oregon, 1917, page 64, entitles the plaintiff in the writ of execution, on motion therefor, to have an order confirming the sale, unless the judgment debtor, or in case of his death his representatives, shall file with the clerk, within ten days after the return of the execution, his objections thereto. The record discloses no objection to the confirmation of sale. No illegal procedure in making the sale has been pointed out. No application was made to the trial court to set aside the order of confirmation nor any attempt made to call the attention of that court to any irregularity in the sale or want of service of the motion, so as to obtain any ruling in regard thereto. In the absence of some action in the lower court, raising and reserving other questions, review, upon appeal, is limited to jurisdictional questions, and the sufficiency of the allegations of the pleadings: *Marks* v. *First Nat. Bank,* 84 Or. 601 (145 Pac. 673).

2, 3. Even if objection to the confirmation of sale had been filed on behalf of defendants, the mandate of subdivision 2, Section 241, requires the court to allow the order confirming the sale, unless upon the hearing it satisfactorily appear, that there were substantial irregularities in the proceedings concerning the sale, to the probable loss or injury of the objector. It is not shown nor suggested that the rights of the de-

fendants have been prejudiced in any manner in the matter of the sale which was confirmed: See *Wolfer* v. *Hurst*, 50 Or. 218 (91 Pac. 366). A resale was granted in this case upon the former appeal in order that the sale of personal and real property might be made separately, so as not to complicate the matter of redemption. That object has been attained. The trial court in granting the order of confirmation did not construe its rules to require service of the motion for confirmation. Obviously, the same power that adopted the rule could construe it: 15 C. J., § 294. A final decree had been entered in the case directing that the property be sold. The defendants had knowledge of this. An *alias* execution was regularly issued and the property duly advertised for sale and sold. The defendants no doubt expected that such proceedings would be taken. The sale was ordered confirmed without objection.

In the case of *Brand* v. *Baker*, 42 Or. 426 (71 Pac. 320), former Justice BEAN said in the opinion:

"The law does not require notice to a judgment debtor of a proposed effort to collect the judgment against him, nor of the levy and sale of his property under an execution issued thereon, except by the filing of a sheriff's certificate in the county clerk's office, and the publication and posting of notices of sale."

In order for defendants to raise any issue concerning the sale of the real estate, it was necessary for them to file objections thereto within the time provided by the statute. Not having done so they have no cause for complaint. Our statute does not require service upon the judgment debtor, of a motion for confirmation of sale. Counsel for defendants does not claim that it does.

We find ,no prejudicial error in the record. The judgment of the lower court is therefore affirmed.

AFFIRMED.

McBRIDE, C. J., and JOHNS and BENNETT, JJ., concur.